IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:22-CV-122-BO-KS

CORNERSTONE ASSEMBLY OF GOD, )
INC., )
         Plaintiff, )
          )
v. )      O R D E R
          )
BROTHERHOOD MUTUAL )
INSURANCE COMPANY, )
         Defendant. )

This cause comes before the Court on defendant's motion for judgment on the pleadings. Plaintiff has responded, defendant has replied, and a hearing on the motion was held before the undersigned on June 2, 2023, at Raleigh, North Carolina. In this posture, the motion is ripe for ruling and, for the reasons that follow, the motion is granted. However, the Court will permit plaintiff an opportunity to amend its complaint.

BACKGROUND

Plaintiff instituted this action by filing a complaint in the Superior Court for Craven County, North Carolina on September 9, 2022. [DE 1-1]. Defendant removed the complaint to this Court pursuant to its diversity jurisdiction on October 10, 2022. [DE 1]. Defendant filed its answer in this Court on October 17, 2022. [DE 5]. Defendant thereafter filed the instant motion.

In its complaint, plaintiff alleges claims against defendant under North Carolina law for breach of contract and unfair and deceptive trade practices and claims settlement practices. The claims arise out of an insurance coverage dispute between the parties. As is alleged in plaintiff's complaint, plaintiff is a church which owns improved real property located at 2304 U.S. Highway

70 East in New Bern, North Carolina. At the times relevant to the complaint, defendant provided plaintiff with insurance coverage for plaintiff's New Bern property (the Policy). The Policy insured plaintiff against certain loss occurring to the property, including windstorm and collapse events. The Policy further delineated three separate buildings on the covered property: the Church, the Day Care, and the Gym.

Between approximately September 13, 2018, and September 17, 2018, Hurricane Florence impacted Craven County, North Carolina and caused substantial damage to plaintiff's property. Plaintiff timely reported the loss to defendant and made a claim for indemnity and payment. Plaintiff was able to repair the Day Care and Gym with funds provided by defendant pursuant to its Hurricane Florence claim. However, plaintiff has been unable to repair the Church as it alleges that defendant has not provided sufficient funds to make the necessary repairs and to which plaintiff is entitled under the Policy.

Plaintiff alleges that defendant undertook a "pattern of delay in administering and responding to [it's] insurance claim regarding the [Church building]." [DE 1-1 ¶ 36]. Plaintiff's complaint alleges several specific actions it alleges defendant undertook, including requesting unreasonable and unnecessary documentation, taking unreasonable coverage positions, and making incorrect statements of law and fact in order to support its denials of coverage and refusal to pay. Plaintiff alleges that the estimates it obtained for the necessary repairs to the Church exceeded $900,000.00. Defendant initially allowed $23,101.15 for repairs to the Church, and ultimately, after a lengthy period during which plaintiff alleges defendant was non-responsive and made bad faith representations regarding the necessity of building code compliance and other matters, has allowed $433,667.76 for repairs to the Church, with $73,601.22 to be withheld by defendant as depreciation.

2

DISCUSSION

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) allows for a party to move for entry of judgment after the close of the pleadings stage, but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Courts apply the Rule 12(b)(6) standard when reviewing a motion under Rule 12(c). *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 375 (4th Cir. 2012). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A. Breach of contract claim

The statute of limitations for breach of contract claims under North Carolina law is generally three years. N.C. Gen. Stat. 1-52(1). The statute of limitations for "claims for loss covered by an insurance policy that is subject to the three-year limitation contained in G.S. 58-44-16" is also three years. *Id.* § 1-52(12). Although § 58-44-16 concerns fire insurance policies, "North Carolina courts have extended the limitations period applicable to fire insurance policies to homeowner's insurance policies and similar policies insuring real property." *Skyline Restoration, Inc. v. Church Mut. Ins. Co.*, 20 F.4th 825, 830 (4th Cir. 2021). Additionally, the relevant triggering event for the statue of limitations under an insurance policy is the date of the loss, rather than the date of the breach. *Id.*

Here, the loss occurred on September 14, 2018. This complaint was filed on September 9, 2022. Plaintiff concedes that its breach of contract claim is barred by the applicable statute of

3

limitations. Accordingly, judgment on the pleadings in defendant's favor is appropriate on the breach of contract claim.

B. Unfair and Deceptive Trade Practices Act claim

Remaining for consideration is whether plaintiff's unfair and deceptive trade practices claim also fails. After considering the arguments of the parties, the Court concludes that it does.

An unfair and deceptive trade practices claim has a statute of limitations of four years under North Carolina law. N.C. Gen. Stat. § 75-16.2. North Carolina courts have held that unfair and deceptive trade practice claims are "distinct from actions for breach of contract" *Boyd v. Drum*, 129 N.C. App. 586, 593 (1998), and have "treated UDTP claims as separate and distinct from other claims with respect to statutes of limitations." *Page v. Lexington Ins. Co.*, 177 N.C. App. 246, 250 (2006). Defendant does not argue, and the Court does not conclude, that plaintiff's unfair and deceptive trade practices (UDTP) claim is barred by the statute of limitations.

To establish a UDTP violation, a plaintiff must show "(1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." *Gray v. N.C. Underwriting Ass'n*, 352 N.C. 61, 68 (2000). "[W]hether an act or practice is an unfair or deceptive practice . . . is a question of law for the court." *Id.* In support of its UDTP claim, plaintiff alleges that defendant's actions violated the North Carolina Unfair Claim Settlement Practices Act, N.C. Gen. Stat. § 58-63-15(11) (Unfair Claims Settlement Act).[1] There is no private right of action under the Unfair Claims Settlement Act, but a party may bring a UDTP claim which relies on a violation of the Unfair Claims Settlement Act. *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 396 (4th Cir. 2018).

---

[1] A plaintiff may also prove a UDTP claim by showing an aggravated breach of contract, a theory which plaintiff does not pursue. *Griffith v. Glen Wood Co., Inc.*, 184 N.C. App. 206, 217 (2007).

4

Conduct which violates the Unfair Claims Settlement Act constitutes an unfair and deceptive practice as a matter of law, satisfying the first element of a UDTP claim. *Country Club of Johnston Cnty., Inc. v. United States Fid. & Guar. Co.*, 150 N.C. App. 231, 246 (2002) (internal quotation and citation omitted). But it is an "open question" whether a plaintiff must still allege and prove the remaining two elements, and specifically that the Unfair Claims Settlement conduct was the proximate cause of its injury, or whether proof of the violation of the Unfair Claims Settlement Act alone is sufficient to prove a violation of the Unfair and Deceptive Trade Practices Act. *DENC, LLC v. Phila. Indem. Ins. Co.*, 32 F.4th 38, 50 n.4 (4th Cir. 2022).

This Court is persuaded by defendant's argument and the reasoning of *Kenney Properties v. Philadelphia Indemnity Insurance Company*, which held that "the Supreme Court of North Carolina would hold that a plaintiff need not independently allege that a [Unfair Claims Settlement Act] violation was in or affecting commerce, but a plaintiff would have to plausibly allege that the [Unfair Claims Settlement Act] violation proximately caused the plaintiff's injuries." 2022 U.S. Dist. LEXIS 124334, *22 (E.D.N.C. 2022). In other words, a plaintiff who sufficiently alleges conduct which violates the Unfair Claims Settlement Act satisfies the first and second elements, but it must nonetheless sufficiently allege that the violation of the Unfair Claims Settlement Act was the proximate cause if its injury.

Here, plaintiff's complaint alleges no injury or damages which are separate and distinct from its breach of contract claim. Despite the paucity of the case law on this specific issue, the Court concludes that plaintiff cannot, therefore, proceed on a stand-alone UDTP claim, despite the fact that it would otherwise be timely. Put another way, there are no damages which a factfinder could attribute only to any alleged unfair and deceptive trade practices, rather than the mere breach of the insurance contract. *See Gray* v, 352 N.C. at 75 (successful UDTP claim entitles plaintiff to

5

treble damages, but *only* as to those "damages as determined by the factfinder that were a direct and proximate result of the [UDTPA] violation."). Accordingly, the Court concludes that judgment on the pleading on plaintiff's UDTP claim is appropriate because its underlying breach of contract claim, which forms the sole basis of its alleged injury and damages, is time-barred.

However, the Court recognizes that should plaintiff sufficiently allege injury and damages "separate and distinct from plaintiff['s] claims on the underlying insurance policy" the complaint should be permitted to proceed. *Page*, 177 N.C. App. at 25. Accordingly, the Court will allow plaintiff a brief period within which to file an amended complaint.

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings [DE 10] is GRANTED. However, plaintiff is permitted twenty-one (21) days from the date of entry of this order to file an amended complaint consistent with the foregoing.

SO ORDERED, this $30$ day of June 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE